Susan **JOHNSON, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4-682A133.**

Court of Appeals of Indiana,
Fourth District.

Nov. 24, 1982.

Steven C. Smith, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

After a jury trial, defendant-appellant Susan Johnson was convicted of receiving stolen property under Ind.Code 35–43–4–2. On appeal, she argues the evidence is not sufficient to support the verdict.[1]

We reverse.

The facts most favorable to the verdict indicate that on June 19, 1981 Daniel Hamilton, Alan Swift and John Stookey entered the home of Thomas Thomas. They removed nearly three truckloads of Thomas's personal property including a mower, television, mattress, chaise lounge, redwood table, and dishes. The three men took the property to a trailer where Daniel's brother, Martin, and the defendant, Martin's wife, lived. Daniel told his brother that Stookey had been kicked out of his house and that he needed a place to store his things. Martin agreed to permit John to store the items at the trailer. Some items were placed outside behind the trailer and some were placed in a back trailer attached to the one in which Martin and the defendant lived. The defendant was not home, but was working when the property was delivered.[2] The next day, Martin asked his brother about the property and Danny told him about the burglary. The defendant, again, was not present during this discussion. The defendant never asked Danny about the source of the property and he never heard anyone else discuss its origin with her. Several days after the burglary, Danny, Swift, and Stookey returned to the trailer to burn the stolen stored property because they had information the police knew about it. The defendant was in bed in the trailer when the men were burning the property outside behind the trailer. The defendant did not go outside nor did she destroy anything. The defendant did say something

about wanting some dishes. On June 27, 1981, the police took Thomas, the victim, to the trailer. He first identified his mower found behind the trailer. He then went inside and found his redwood table in the kitchen with a tablecloth and dishes on it. The officer arrested Danny, Stookey, and Swift and asked Martin to come to the fire department later. Defendant accompanied Martin to the station to write his statement. Martin and the defendant then brought some of the stolen property to the station.

Johnson argues the evidence is insufficient to support the verdict. Specifically, she contends there is no evidence that she had any intent to deprive the rightful owner of his property or that she knowingly received, retained or disposed of the property. When reviewing the sufficiency of the evidence, this court does not judge the credibility of witnesses nor does it weigh the evidence. Rather, we consider the evidence most favorable to the verdict together with all reasonable inferences which may be drawn from that evidence. *Anderson v. State,* (1980) Ind.App., 406 N.E.2d 351. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Id.*

Johnson was charged as an accessory to receiving stolen property under Ind. Code 35–43–4–2(b):

A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D felony.

Guilty knowledge on the part of the defendant is the gravamen of the offense of receiving stolen property. *Mattingly v. State,* (1981) Ind.App., 421 N.E.2d 18. Under the accessory statute, a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. Ind.Code 35–41–2–4. Reading this statute together with Ind.Code 35–

---

1. Because of the resolution of this issue, we do not address her other contention that the State should not have been permitted to amend the information.

2. The defendant worked evenings.

43–4–2(b), the State must prove that the defendant had knowledge that the property was stolen. Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property. Rather, such knowledge must be proved or inferred from all the circumstances surrounding the defendant's possession and use of the property in question. *Anderson, supra.* Evidence which merely raises a suspicion the defendant knew the property was stolen is not sufficient. *Id.*

■ The State argues that Johnson's non-exclusive possession of the redwood table in the trailer's kitchen and her knowledge of the presence of this personal property is sufficient to support the verdict. We disagree. As we noted, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property. The defendant's statement about wanting some dishes fails to support an inference of guilty knowledge without evidence of the circumstances under which it was made. No evidence was introduced to establish that she knew the men were burning the property. Additionally, evidence established that Johnson cooperated with the police in the investigation and location of the property. At best the evidence merely raises a suspicion that the defendant knew the property being stored at the trailer was stolen. Because the State failed to introduce substantial evidence of probative value from which the jury could have concluded beyond a reasonable doubt that defendant had knowledge the property was stolen, the judgment must be reversed.

Reversed.

CONOVER and MILLER, JJ., concur.