Herschel A. **BARNETT**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 22A05–0506–CR–331.

Court of Appeals of Indiana.

Sept. 14, 2005.

---

J. Patrick Biggs, New Albany, IN, for Appellant.

Steve Carter, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, IN, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Herschel A. Barnett appeals his conviction for Receiving

Stolen Property,[1] a class D felony, and being a Habitual Offender.[2] Specifically, Barnett contends that the evidence was insufficient to sustain his conviction. The State also cross-appeals, arguing that Barnett's sentence was illegal. Finding that the evidence was sufficient and that the trial court incorrectly sentenced Barnett, we affirm in part, reverse in part, and remand with instructions to correct the sentencing order.

### FACTS

At approximately noon on July 30, 2004, Douglas Gentry left his home in New Albany to do some grocery shopping. When he returned, he found that his back door had been broken open and that his Xbox game system, two controllers, and twelve video games had been taken from his residence. Officer Carrie East of the New Albany Police Department was dispatched to investigate. Gentry informed Officer East that among the missing video games were "Oddworld" and "Full Spectrum Warrior." Tr. p. 88. Gentry also reported that one of the controllers was clear and wireless.

Officer East decided to check a store called Game Source, which buys and sells video game equipment. Game Source is approximately one and one-half miles from the scene of the burglary. When Officer East arrived, the missing Xbox, controllers, and twelve video games were on the counter. Among the video games were "Oddworld" and "Full Spectrum Warrior."

Graham Stinson, the owner of Game Source, told Officer East that a regular customer and another man had come into the store between noon and 12:30 on the same day to sell the equipment. Stinson informed Officer East that because it was early in the work day, he did not have enough money to pay the full purchase price of $131. So he gave the seller $70 and told him to return later in the day for the balance. The seller, who was later identified as Barnett, returned that evening, and Stinson called the police. Officer Joshua Pearman arrived and arrested Barnett.

On August 2, 2004, the State charged Barnett with receiving stolen property. The next day, the State amended the charging information to include a habitual offender enhancement. A jury trial was held on October 4 and 5, 2004. Barnett testified that on the day of the incident he was eating lunch at Rally's, which is four blocks from Game Source. He further testified that as he was ordering, someone he knew drove through the drive-through lane and asked him if he knew anyone who might want to buy an Xbox and games. Barnett then purchased the games system and games for $40. He then went to Game Source to sell the items. On October 5, 2004, the jury found Barnett guilty as charged.

On November 8, 2004, the trial court conducted a simultaneous sentencing and probation revocation hearing. The trial court sentenced Barnett to three years on the receiving stolen property conviction and to four and one-half years for being a habitual offender with the sentences to run consecutively for a total of seven and one-half years. The trial court further found that Barnett had violated his probation and ordered him to serve the remaining six years of his previous conviction to run concurrently to Barnett's sentence in the present case. Barnett now appeals.

### DISCUSSION AND DECISION

Barnett argues that the evidence was insufficient to support his conviction. Spe-

---

1. Ind.Code § 35–43–4–2(b).

2. Ind.Code § 35–50–2–8.

cifically, he avers that the State failed to prove that he knew that the items were stolen. On cross-appeal, the State argues that Barnett's sentence was illegal because the trial court entered the habitual offender enhancement as a separate sentence and because the sentence imposed for Barnett's revoked probation was required to be served consecutively to his conviction for the present offense.

## I. Sufficiency

■ The law is well-settled that upon review of a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. Instead, we will look to the evidence that supports the judgment and the reasonable inferences therefrom. *Robinson v. State*, 814 N.E.2d 704, 707 (Ind.Ct. App.2004). The evidence is sufficient to sustain a conviction if it would permit a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005).

■ In order to convict Barnett of receiving stolen property, the State was required to prove Barnett knowingly or intentionally received, retained, or disposed of the property of another person that has been the subject of theft. I.C. § 35-43-4-2(b). "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property." *Johnson v. State*, 441 N.E.2d 1015, 1017 (Ind.Ct.App.1982). The test of knowledge is a subjective one, asking whether the defendant knew from the circumstances surrounding the possession

that the property had been the subject of a theft. *Purifoy v. State*, 821 N.E.2d 409, 414 (Ind.Ct.App.2005), *trans. denied.* Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen. *Id.*

Barnett only challenges the finding that he had the requisite knowledge to be convicted of receiving stolen property. Barnett's testimony reveals that he acquired the Xbox, controllers, and games when a man passing through the drive-thru at Rally's asked him if he knew anyone who wanted to buy them. Tr. p. 150–51. Barnett then purchased the game system and games for $40. Tr. p. 151.[3] The unknown man in the drive-thru then told Barnett that he could sell the Xbox and games at Game Source. Tr. p. 152. Game Source offered Barnett $131 for the used game system and games. Tr. p. 117. It appears to us to be highly unusual for a person to be approached at a fast-food restaurant to be offered a game system and a dozen games for $40 when the trade-in value at a nearby store was more than three times that amount. This evidence is sufficient to establish that Barnett had knowledge that the property was stolen.

## II. Sentence

■ On cross-appeal, the State contends that Barnett's sentence is illegal. Specifically, the State argues that the trial court incorrectly entered the habitual offender enhancement as a separate sentence and ordered the revoked sentence to run concurrently to the sentence in the present case.

---

**3.** A new Xbox and a single controller alone retail for $149.99. *See Best Buy* http://www. bestbuy.com/site/olspage.jsp? skuld=5356884 & type=product & id=1051826267191 (last visited on August 18, 2005).

As an initial matter, Barnett contends that the State has waived this argument with regard to his sentence by failing to object at the trial court level. But as we recently noted in *Groves v. State*, 823 N.E.2d 1229, 1232 (Ind.Ct.App.2005):

> Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. *Brabandt v. State*, 797 N.E.2d 855, 861 (Ind.Ct.App.2003). However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. *Id.* An improper sentence constitutes fundamental error and "cannot be ignored on review." *Morgan v. State*, 417 N.E.2d 1154, 1156 (Ind.Ct.App.1981). We may correct sentencing errors by the trial court on appeal even though the issue was not raised below. *Id.*

Thus, we will address the State's argument on its merits.

A habitual offender finding does not constitute a separate crime nor does it result in a separate sentence. Rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind.Ct.App.2002). Hence, the trial court erred in imposing a separate, consecutive four and one-half year sentence. The sentencing order must be corrected to reflect that he was sentenced to three years for his conviction, enhanced by four and one-half years for the habitual offender finding.

The State also argues that the trial court was required to order Barnett's revoked sentence to run consecutively to the sentence in the present case. Indiana Code section 35–50–1–2(d) provides:

> If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime

.    .    .    .    .

> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

As such, the trial court erred by revoking Barnett's probation and imposing the remaining six-year sentence concurrent to the present sentence. On remand, the trial court must also correct the sentencing order to reflect that the sentences run consecutively.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to correct the sentencing order to provide for a sentence of seven and one-half years, served consecutively to the sentence previously imposed and for which probation was revoked.

RILEY, J., and MATHIAS, J., concur.