**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 23 2012, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANDRA RIVAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CR-544 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49F24-0907-FD-60699

**February 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Sandra Rivas appeals from her conviction for Class D felony Theft,[1] contending that the State produced insufficient evidence to sustain her conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

On or about March 5, 2009, Beatriz Navelo returned home to find that her home had been broken into and that her and her daughter's jewelry boxes had been taken. The jewelry in the boxes was worth a few thousand dollars. Navelo had at one point owned a jewelry store that sold, *inter alia*, custom jewelry made by her father, and some of the items stolen were examples of that custom jewelry. Around June of 2009, Ismael Ramiraz, a former customer at Navelo's jewelry store, saw some of her custom jewelry for sale in a pawnshop and notified her. Navelo then notified police.

Police determined that the custom jewelry had been sold by Rivas and accessed an online database to discover if she had sold any other items recently. As it happened, between March 11, 2009, and May 15, 2009, Rivas had sold thirty-one jewelry items at two Indianapolis pawn shops. In a statement to police, Rivas claimed that she had traded stereo speakers to two "Hispanic guys" for the jewelry and had then sold some of it for $1000. Rivas also told police that the men later wanted the jewelry back because the speakers did not work and she gave them $500 and the remaining jewelry. Rivas provided police a telephone number, claiming that it was for the men, which number turned out to be invalid or disconnected. On July 1, 2009, the State charged Rivas with Class D felony theft. On May

---

[1] Ind. Code § 35-43-4-2(a) (2008).

25, 2011, the trial court found Rivas guilty as charged and sentenced her to 545 days of incarceration, with 531 days suspended and 365 days of probation.

## DISCUSSION AND DECISION

### Whether the State Produced Sufficient Evidence to Sustain Rivas's Conviction

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*. We affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id*.

In order to convict Rivas of theft, the State was required to prove that she "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" Ind. Code § 35-43-4-2(a).

> [T]he mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft. Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away). In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010).

3

It is not in dispute that Rivas was in possession of at least some of Navelo's jewelry approximately six days after it was stolen. Moreover, although Rivas told police that she had received the stolen jewelry from a couple of Hispanic men, the contact information for them that she provided was either false or inaccurate, casting doubt on the entire story. *Donovan v. State*, 937 N.E.2d 1223, 1227 (Ind. Ct. App. 2010) *trans. denied* ("Although Donovan said that he had received the vehicle from 'Paul Monroe' at the Pilot Truck Stop in Marshall County, Indiana, and that Monroe asked him to transport the vehicle, Donovan could not provide contact information for Monroe."). We conclude that the evidence of Rivas's possession along with the surrounding evidence is sufficient to sustain her conviction.

We note that even if Rivas's story about the Hispanic men were true, it would still be sufficient to support her conviction for theft, because it is compelling evidence that she knew that the jewelry was stolen when she received it. It is well-settled that a person may be convicted of theft even if the evidence that she knowingly received the stolen items is stronger than evidence that she was the actual thief.

> If the State meets its burden of proof with respect to all the necessary elements of either the theft or receiving stolen property offense as alleged in the charging instrument, it is of no consequence whether the accused was the person who actually took the stolen property from its authorized possessor because, once this burden is met, the State has proved that the accused, whether actual thief or not, has done precisely what is forbidden by both subsection (a) and (b) [of Indiana Code Section 35–43–4–2]—knowingly or intentionally exercising unlawful control over property of another with a purpose to deprive.

*Gibson v. State*, 643 N.E.2d 885, 892 (Ind. 1994).

> "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not

4

be inferred solely from the unexplained possession of recently stolen property." *Johnson v. State*, 441 N.E.2d 1015, 1017 (Ind. Ct. App. 1982). The test of knowledge is a subjective one, asking whether the defendant knew from the circumstances surrounding the possession that the property had been the subject of a theft. *Purifoy v. State*, 821 N.E.2d 409, 414 (Ind. Ct. App. 2005), *trans. denied*. Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen. *Id*.

*Barnett v. State*, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005).

According to Rivas, she traded very little (two stereo speakers) to persons she did not know for jewelry, only a portion of which she was then able to sell for $1000 at pawn shops. Trading stereo speakers to two unknown persons for jewelry worth at least $1000 is unusual, to say the least. This unusual manner of acquisition indicates that, even if Rivas was not the actual thief, she knew that the jewelry was stolen when she received it, which is sufficient to sustain her conviction. *See id.* (concluding that evidence was sufficient to sustain conviction for receiving stolen goods where defendant testified that he purchased videogame equipment from unknown person in a fast food drive-through for $40 and was then offered $131 for same items at nearby store soon thereafter). We conclude that the State presented sufficient evidence to sustain Rivas's theft conviction.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.