**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 25 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LORINDA HARPER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1110-CR-981 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1109-FD-55

May 25, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Lorinda Harper ("Harper") appeals from her conviction after a bench trial of receiving stolen property[1] as a Class D felony. Harper presents the following issue for our review: whether the evidence of Harper's unexplained possession of a motor vehicle at the time of her arrest is sufficient to support her conviction of receiving stolen property.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 8, 2006, at approximately 3:00 a.m., Joel Knell's ("Knell") wife went into premature labor. Knell shoveled the sidewalk and started his Ford Windstar minivan. Knell went indoors to help his wife, and discovered that the van was missing when he returned outside. Knell testified at trial that he did not know Harper and did not give her permission to drive his van.

On February 5, 2007, Officer Greg Steele ("Officer Steele") of the Bluffton Police Department initiated a traffic stop of a vehicle driven by Harper. In the process of that investigation, Officer Steele learned that the vehicle was the Knells' van, which had been reported stolen. The van was impounded and towed. Officer Steele told Harper that the vehicle had been reported stolen. Harper denied that the minivan was stolen, and offered no explanation for her possession of the vehicle.

Several weeks after the traffic stop, Harper's attorney submitted to police officers statements by Amber Snider ("Snider") and Ambrosia Booher ("Booher") implicating Cody Lopez ("Lopez") in the theft of the Knells' minivan. Snider and Harper knew each other

---

[1] *See* Ind. Code § 35-43-4-2(b).

2

from a time where they were in jail together and Snider was serving a sentence for receiving stolen property. Snider lived with Harper and had dated Lopez until the relationship ended unpleasantly in 2006. Booher had also met Harper in jail and considered Harper to be her best friend.

Initially, Lopez was charged with the theft of the Knells' minivan. Officer Steele began to question the credibility of at least one of the people who had implicated Lopez in the theft. Ultimately, on September 24, 2010, the State charged Harper with auto theft and receiving stolen property, each as a Class D felony.

Harper waived her right to a jury trial and was convicted after her bench trial. Lopez denied stealing the minivan, loaning the minivan, or giving Snider, Booher, or Harper permission to drive the minivan. Snider and Booher indicated that Lopez brought the minivan to Harper, told her that it belonged to his aunt, and allowed Harper to borrow it. Booher's husband, Christopher Dagger ("Dagger"), who was dating Snider in 2007, testified that he was present when Lopez allowed Harper to use the minivan. Dagger stated that although he had his own vehicle, Lopez let Harper, Snider, and Booher use the minivan to run errands. At the conclusion of her trial, the trial court found Harper not guilty of auto theft and guilty of receiving stolen property. The trial court sentenced Harper to three years executed with one year suspended. Harper now appeals.

## DISCUSSION AND DECISION

Harper argues that there is insufficient evidence to support her conviction for receiving stolen property. In order to establish that Harper had committed the offense, the

3

State was required to show beyond a reasonable doubt that Harper knowingly or intentionally, received, retained, or disposed of the Knells' minivan, which had been the subject of a theft. Harper claims that, at best, the State established only her unexplained possession of stolen property, which is insufficient to support her conviction.

When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id*. We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. (citing *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id*. at 147 (citing *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)).

In *Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010), our Supreme Court held that "the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft." Mere unexplained possession "is to be considered along with the other evidence in a case." *Id*. The jury must assess the fact of possession and all the surrounding evidence about the possession to determine if a rational juror could find the defendant guilty beyond a reasonable doubt. *Id*. While knowledge that the property is stolen may be established by circumstantial evidence, knowledge of the stolen

4

nature of the property may not be inferred solely from the unexplained possession of recently stolen property. *Id*.

In the present case, we are faced not with the unexplained possession of recently stolen property, but with an explanation for such possession that the trial court as trier of fact rejected. Harper and defense witnesses claimed that Lopez allowed Harper to drive the vehicle, and Lopez denied that he had stolen the vehicle and that he had allowed Harper to drive the minivan. The trial court rejected Harper's explanation. Harper's possession of the minivan is not "unexplained" because Harper offered an explanation that the trial court rejected, i.e., that Lopez had loaned the vehicle to her. From the trial court's rejection of Harper's explanation, we may infer that the trial court found Harper's explanation to be false and misleading. Possession of stolen property coupled with the defendant's false or misleading explanation of such possession has long been held to be sufficient evidence upon which to support a conviction for receiving stolen property. *See Barnett v. State*, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005) (knowledge inferred from possession coupled with false or evasive explanation). Consequently, the evidence is sufficient to support Harper's conviction.

Affirmed.

BAKER, J., and BROWN, J., concur.