## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2015, 9:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indian

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darius T. Fisher,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 6, 2015

Court of Appeals Case No.
02A03-1406-CR-215

Appeal from the Allen Superior Court; The Honorable John Surbeck, Jr., Judge;
02D06-1310-FC-291

**May, Judge.**

[1] Darius T. Fisher appeals his convictions of Class C felony aiding robbery[1] and Class D felony receiving stolen property.[2] Fisher argues the evidence was insufficient to convict him. We affirm.

## Facts and Procedural History

[2] On the morning of July 22, 2013, Reggie Greenwell was at Fisher's house to help Fisher and Ashley Beard pack for a move. Before the men left the apartment, Greenwell asked Beard for a piece of paper and a pen to write a number down. The two men then left in Fisher's car.

[3] Around 1 p.m., Greenwell entered the Three Rivers Federal Credit Union inside a grocery store in Fort Wayne. Greenwell bypassed the customer line and handed the teller a note stating the bank was being robbed and demanding money. After receiving $7,542.00, Greenwell exited the store with a paper bag and ran around the side of the building. A witness heard a car speed away but did not see the car.

[4] Somewhere between "noon [and] one-ish," Mark Gilliam saw Fisher driving a car in which Greenwell was the passenger. (Tr. at 260.) Gilliam, whose wife is Beard's sister, recognized both men. Fisher parked the car on the street, and he and Greenwell ran toward Gilliam's house. Along the way, Greenwell dropped some money from the bag he carried. When Greenwell reached the door, he

---

[1] Ind. Code § 35-42-5-1 (robbery) and Ind. Code § 35-41-2-4 (accomplice liability).

[2] Ind. Code § 35-43-4-2(b).

beat on the door of the house "like somebody needed to use the bathroom real bad." (*Id*. at 245.) Gilliam's nephew and friend, who were standing by Gilliam's van waiting to leave, tried to help pick up the money but neither Greenwell nor Fisher would let anyone touch the money. Fisher approached Gilliam, who was standing by his van, and promised to tell him later what was happening. At this time, Gilliam heard police sirens and saw police cars driving in the direction of the credit union.

[5] Gilliam offered Greenwell and Fisher a ride. The men accepted and sat on the floor of the van counting the money from the bag. Greenwell gave Fisher some money before the men were dropped off at Fisher's house together. At Fisher's house, the two men sat on the couch counting money and laughing. The next day, Gilliam hosted a cookout where Fisher displayed a large amount of cash. Fisher had on new shoes, and he gave new shoes to Gilliam's family. Gilliam thought that was odd because he knew Fisher had been struggling with his finances, including having his electricity shut off for lack of payment. Three days after the robbery, Fisher and Greenwell took pictures together with large sums of money.

[6] On October 1, 2013, the State charged Fisher with Class C felony aiding robbery and Class D felony receiving stolen property. At trial, a jury found Fisher guilty of both charges.

# Discussion and Decision

When reviewing sufficiency of evidence to support a conviction, we examine "only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We will not reweigh evidence or substitute our judgment for the jury's judgment. *Id.* at 127. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

## 1. Aiding Robbery

Fisher argues the State failed to prove he aided Greenwell's robbery. According to the statutory definition of aiding a crime, "a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4. Fisher contends that because he was not present at the robbery he does not meet the factors for determining a person aided another in a crime as set out in *Garland v. State*, 788 N.E.2d 425, 431 (Ind. 2003). The *Garland* factors include: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the crime. We disagree with Fisher's allegation.

[9] First, Fisher's presence at the scene of the crime can be inferred from the facts that before the robbery, Greenwell was at Fisher's house and the two men left together, and then after the robbery, the men drove to Gilliam's house where they ran toward the house as Greenwell held a bag of money. Both men accepted a ride from Gilliam to Fisher's house, leaving the car they had driven parked on the street. Based on this evidence, it can reasonably be inferred Fisher was in the getaway car and was thus present at the scene of the crime.

[10] Second, that same evidence speaks to the companionship between Fisher and Greenwell. Greenwell was helping pack for a move at Fisher's house on the day of the robbery, and Greenwell returned to Fisher's house after the robbery. The men also took pictures together with large amounts of money.

[11] Third, the evidence does not suggest Fisher opposed the crime. He willingly took money from Greenwell in Gilliam's van on the way to Fisher's house. At Fisher's house, the men counted the money together on the couch while laughing.

[12] Finally, Fisher's conduct before, during, and after the crime permits an inference that he was aiding Greenwell. The men left Fisher's house together, and Fisher was next seen driving Greenwell to Gilliam's house. Neither man would let anyone else touch the money that spilled on the ground from Greenwell's bag. As this occurred, Gilliam could hear police cars heading in the direction of the scene of the crime. Once in the van, the men counted the money and, at Fisher's house, they counted the money again while laughing

together. The next day, Fisher showed up at Gilliam's cookout with a large amount of money and had purchased shoes for the whole family. Thus, the evidence demonstrates each of the factors *Garland* indicated could be used to determine whether a defendant aided another in committing a crime. *See Garland*, 788 N.E.2d at 431.

[13] Fisher also argues his only link to the robbery "was his presence in the van." (Br. of Appellant at 13.) We must decline Fisher's invitation to reweigh the evidence we reviewed above. Rather, the evidence is sufficient to support his conviction. *See, e.g.*, *Stroud v. State*, 450 N.E.2d. 992, 996 (Ind. 1983) (accomplice's participation in robbery was not too insignificant to convict him because "it is not necessary that the evidence show that the accomplice personally participated in the commission of each element").

## *2. Stolen Property*

[14] Fisher further alleges there was no evidence he received stolen property. However, Fisher did not provide any argument to support this allegation. Thus, the allegation is waived. *See* Ind. Appellate Rule 46(a)(8) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

[15] Waiver notwithstanding, the evidence supports Fisher's conviction of receiving stolen property. Ind. Code § 35-43-4-2(a) states "a person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft .

. . ." To convict a person of receiving stolen property, "the State must prove the defendant had knowledge that the property was stolen." *Johnson v. State*, 441 N.E.2d 1015, 1017 (Ind. Ct. App. 1982). However, the State may prove the defendant's knowledge that the property was stolen by circumstantial evidence. *Id*.

Greenwell gave Fisher money in the van immediately following the robbery, the next day Fisher's money problems appeared alleviated, and the State presented photographs of Greenwell and Fisher posing together with money three days after the robbery. *See, e.g.*, *Gibson v. State*, 643 N.E.2d. 885, 888 (Ind. 1994) ("Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition has been held sufficient to support a conviction for Receiving Stolen Property.").

## Conclusion

The State presented sufficient evidence that Fisher aided Greenwell in robbing Three Rivers Federal Credit Union and that Fisher received some of the money that was stolen. Accordingly, we affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.