# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2016, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Wells,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 26, 2016

Court of Appeals Case No.
49A05-1512-CR-2259

Appeal from the Marion Superior Court

The Honorable Allan Reid, Commissioner

Trial Court Cause No.
49G10-1503-CM-7507

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Kenneth Wells (Wells), appeals his conviction for theft, a Class A misdemeanor, Ind. Code § 35-43-4-2.

We affirm.

## ISSUE

Wells raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his conviction for theft.

## FACTS AND PROCEDURAL HISTORY

On October 14, 2014, Officer Andrew Hashley (Officer Hashley) of the Indianapolis Metropolitan Police Department responded to a report of a theft from a residence in Marion County, Indiana. Carl Hudson (Hudson), who was staying at the residence, had noticed that "certain stuff was moved around" and realized that a number of items were missing from his room, *i.e.*, a pair of Jordan tennis shoes, a computer tablet, and an amplifier. Hudson informed his mother, Yvonne Hasell (Hasell), who lived in the house. Wells, the son-in-law of Hasell's spouse, had access to the house through one of the family members. Approximately five to six hours after the theft was discovered, Wells returned Hudson's tennis shoes. Hudson also later learned that Wells had pawned the amplifier.

[5] Detective Richard Stratman (Detective Stratman) investigated certain pawn shop transactions and obtained a record from the Indy Pawn store located on Pendleton Pike, in Indianapolis. This record and a similar pawn slip described the pawned property as "AMPS CAR AUDIO CRUNCH POWERZONE P1500.1" and contained the right thumbprint of the person pawning the item. (State's Exh. 1, 2). This person was later identified as Wells.

[6] On March 5, 2015, the State filed an Information charging Wells with theft, a Class A misdemeanor. On October 26, 2015 and November 30, 2015, the trial court conducted a bench trial and declared Wells guilty as charged. That same day, the trial court proceeded to sentencing and sentenced Wells to 365 days, with 361 days suspended to probation and 40 hours of community service.

[7] Wells now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Wells contends that the State did not present sufficient evidence beyond a reasonable doubt to support his conviction. When reviewing a claim of insufficient evidence, the appellate court will neither reweigh the evidence nor judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the judgment. *Id*. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*.

[9]     In its charging Information, the State charged Wells with "knowingly or intentionally exert[ing] unauthorized control over the property of [Hudson], to-wit:  an amplifier, with the intent to deprive [Hudson] of any part of the use or value of the property[.]"[1]  (Appellant's App. p. 15).  Here, the State did not premise its case on whether or not Wells actually stole the amplifier from the residence, rather, the State posited that Wells' act of pawning the amplifier amounted to a knowing exercise of unauthorized control.  "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property." *Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010) (quoting *Barnett v. State*, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005)).  The test of knowledge is a subjective one, asking whether the defendant knew from the circumstances surrounding the possession that the property had been the subject of a theft.  *Purifoy v. State*, 821 N.E.2d 409, 414 (Ind. Ct. App. 2005), *trans. denied*.  Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen.  *Id*.

[10]    Here, the evidence most favorable to the judgment establishes that Wells had access to the residence through one of the family members.  Approximately five

---

[1] Under the 2014 revision of Title 35 of the Indiana Code, receiving stolen property is no longer a separate crime.  *See* P.L. 158-2013, § 463 (eff. Jul. 1, 2014).  Charges that formerly would have been brought as receiving stolen property are now categorized as theft charges.

to six hours after the theft of the tennis shoes, computer tablet, and amplifier was discovered, Wells returned the tennis shoes to Hudson. Detective Stratman testified that the theft of the items had taken place on October 8, 2015, while on October 9, 2015, the amplifier was pawned. The pawn slip contained Wells' name and his thumbprint. Hudson testified that the pawned amplifier was the same as the one taken from his room in the residence. Wells' access to the house and his identification through the amplifier's pawn slip together with his return of the tennis shoes, creates a reasonable inference that Wells knew that the amplifier had been the subject of a theft. *See Purifoy*, 821 N.E.2d at 414. Accordingly, we conclude that the State presented sufficient evidence beyond a reasonable doubt that Wells committed theft, as a Class A misdemeanor.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Wells' conviction for theft.

Affirmed.

Kirsch, J. and Pyle, J. concur