# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2018, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| N.M.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 9, 2018<br>Court of Appeals Case No.<br>49A05-1711-JV-2539<br>Appeal from the Marion Superior<br>The Honorable Marilyn Moores, Judge<br>The Honorable Geoffrey A. Gaither, Magistrate<br>Trial Court Cause No.<br>49D09-1706-JD-797 |

**Barnes, Judge.**

# Case Summary

[1] N.M. appeals his adjudications as a delinquent child for offenses that would be Level 6 felony receiving stolen auto parts, Level 6 felony theft, and Class A misdemeanor criminal trespass, if committed by an adult. We reverse and remand with instructions.

# Issues

[2] The restated issue before us is whether the evidence is sufficient to support the trial court's true findings.

# Facts

[3] Shortly after 6:00 P.M. on the evening on June 7, 2017, Anne Schott drove her husband's 2012 Ford E-350 twelve-passenger van to the Skateland Rollerskating venue in Indianapolis. The van was in good condition. When she emerged at approximately 8:30 P.M., the van was gone. The next day, at approximately 6:00 A.M., Officer Anthony Carter of the Indianapolis Metropolitan Police Department discovered the van in the parking lot of an apartment complex located six blocks from Skateland.

[4] When Officer Carter approached the van, he saw three juveniles sleeping inside the vehicle. Seventeen-year-old N.M. was in the rear of the van, while the other two juveniles were in the driver's seat and middle row of the van, respectively. Officer Carter entered the van's license plate number into his on-board computer and determined that the van was registered to John Schott and had been reported stolen. Officer Carter and other responding officers banged

on the windows to wake the juveniles. The juveniles emerged without incident and were handcuffed, arrested, and transported to the juvenile processing center.

[5] Anne and John Schott were called to the scene, where they advised officers that they did not know N.M. or the other juveniles and that they had not granted the juveniles permission to use their van. The van "was just trashed," "reeked of marijuana . . . [and] was just covered in trash." Tr. p. 19. There was physical damage to seatbelts, air vents, and the overhead DVD player, as well as cigarette burns in the upholstery. Also, the Schotts' six child car seats and accessories, food, personal items, and supplies from Lowe's Hardware were missing. Total damages, including replacement, cleaning, shampooing, and repair costs, were approximately $4,000. The van also contained drug paraphernalia that did not belong to the Schotts.

[6] On June 8, 2017, the State filed a petition alleging that N.M. was a delinquent child for committing offenses that would be Level 6 felony receiving stolen auto parts, Level 6 felony theft, and Class A misdemeanor criminal trespass, if committed by an adult. The trial court conducted a denial hearing on August 17, 2017. The Schotts and law enforcement witnesses testified to the foregoing facts. At the close of the evidence, the trial court entered true findings on all counts. On October 5, 2017, the trial court placed N.M. on probation, suspending his commitment to the Department of Correction. He now appeals.

# Analysis

N.M. argues that the evidence is insufficient to support his adjudications. In juvenile delinquency adjudication proceedings, the State must prove every element of the offense beyond a reasonable doubt. *A.B. v. State,* 885 N.E.2d 1223, 1226 (Ind. 2008). "'In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses.'" *K.W. v. State,* 984 N.E.2d 610, 612 (Ind. 2013) (quoting *Treadway v. State,* 924 N.E.2d 621, 639 (Ind. 2010)). We look to the evidence and reasonable inferences drawn therefrom that support the judgment, and we will affirm the adjudication if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* We will reverse if there is no evidence or reasonable inference to support any one of the necessary elements of the offense. *Id.* We must thus determine whether substantial evidence of probative value was presented at trial from which a reasonable factfinder could conclude beyond a reasonable doubt that N.M.'s conduct, if committed by an adult, would constitute Level 6 felony receiving stolen auto parts, Level 6 felony theft, and Class A misdemeanor criminal trespass.

## A. Sufficiency – Receiving Stolen Property

N.M. first argues that the evidence was insufficient to prove that he committed Level 6 felony receiving stolen auto parts. Specifically, he contends that the State failed to present evidence that he acquired possession or control of the van or that he knew it was stolen.

[9] In order to make a true finding of delinquency against N.M. for Level 6 felony receiving stolen auto parts, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally received, retained, or disposed of a motor vehicle or any part of a motor vehicle of another person, John Schott, that had been the subject of theft. *See* Ind. Code § 35-43-4-2.5(c). In addition to proving the explicit elements of the crime, the State must also prove beyond a reasonable doubt that the person knew the property was stolen. *Fortson v. State,* 919 N.E.2d 1136, 1143 (Ind. 2010)).

[10] "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property." *Fortson,* 919 N.E.2d at 114; *Barnett v. State,* 834 N.E.2d 169, 172 (Ind. Ct. App. 2005). "The test of knowledge is a subjective one, asking whether the defendant knew from the circumstances surrounding the possession that the property had been the subject of a theft." *Barnett,* 834 N.E.2d at 172 (quoting *Purifoy v. State,* 821 N.E.2d 409, 414 (Ind. Ct. App. 2005)). "Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen." *Id.; see Driver v. State,* 725 N.E.2d 465 (Ind. Ct. App. 2000) (trier of fact may infer defendant's knowledge that the property is stolen from possession, coupled with facts like the defendant lying about how he acquired the property).

[11]     In *Fortson*, the defendant was seen driving a stolen vehicle within hours of its owner reporting it stolen. He was convicted in absentia of receiving stolen property. On appeal, he challenged the sufficiency of the evidence. A panel of this court reversed his conviction. Our supreme court granted transfer and summarily affirmed this court's opinion stating,

> [T]he Court of Appeals concluded that in this case the circumstances did not support a reasonable inference that Fortson knew the property was stolen. The court noted that there was no evidence that Fortson attempted to conceal the truck from the officers, physically resist the officers, flee, or that he provided evasive answers. The court concluded, "Although Fortson was found to be in possession of recently stolen property, the State failed to provide any other facts to support an inference of knowledge . . . .
>
> [B]ecause the State could only prove that he was in possession of recently stolen property, that fact alone cannot support the inference that Fortson knew the truck was stolen. We agree. And with our holding today, the same conclusion would obtain had Fortson been charged with theft as opposed to receiving stolen property."

*Id*. at 1143-44.

[12]     Here, the State presented the following evidence in its case in chief: Mrs. Schott testified that her husband's twelve-passenger van was stolen outside Skateland; Officer Carter testified that he discovered the stolen van approximately six blocks away, with three juveniles sleeping inside; a juvenile was asleep in the driver's seat, another in the middle row, and N.M. was

sleeping in the rear of the "trashed" van; the Schotts testified that they did not know or give the juveniles permission to use their van; and when the police woke the sleeping juveniles, they emerged without incident. Tr. p. 19.

[13] As in *Fortson*, the State's evidence proved only that N.M. was in possession of the Schotts' recently-stolen van; however, without additional evidence to support the inference that he knew, beyond a reasonable doubt, that the van was stolen, we cannot say that sufficient evidence exists to support the trial court's true finding. There was no evidence of evasion, concealment, furtive, or otherwise suspicious action by N.M. presented at the denial hearing. We must decline the State's invitation to infer N.M.'s knowledge that the van was stolen from the fact that he was found sleeping in its back row. The evidence presented to support N.M.'s delinquency adjudication was insufficient.

### B. Sufficiency – Level 6 Felony Theft

[14] Next, N.M. argues that the evidence was insufficient to prove that he committed Level 6 felony theft. He argues that the State presented "no evidence that [he] was present when the van was stolen" or "that he committed or assisted in the original theft of the van" in which the Schotts' missing property was last seen. Appellant's Br. p. 7. He argues that the State "relied solely on the fact that N.M. was present in the stolen van hours after the van had been stolen and [the fact] that the car seats and bases were missing." *Id*.

[15] To prove that N.M. committed what would be Level 6 felony theft if committed by an adult, the State was required to prove that N.M. knowingly or

intentionally exerted unauthorized control over the property of John Schott – children's car seats and bases—with the intent to deprive John Schott of any part of its value or use, in an amount greater than seven hundred fifty dollars ($750) and less than fifty thousand dollars ($50,000). *See* I.C. § 35-43-4-2.

[16] Here, the State presented no evidence of what transpired in the twelve hours that elapsed between Mrs. Schott parking the van outside Skateland and the police's discovery of the van—sans car seats—with N.M. and the other juveniles sleeping inside it. The record contains no evidence whatsoever from which an inference may be drawn, beyond a reasonable doubt, that N.M. stole the vehicle from Skateland. The State presented no evidence that N.M. was present when the child car seats and accessories were removed from the van, no evidence that linked him to the car seats and accessories after the theft, and no evidence that he attempted to conceal the van, to resist or flee, or that he was evasive.

[17] Based upon *Fortson*, and for the reasons stated above, we conclude that, absent any circumstantial evidence to support the inference that N.M. knew beyond a reasonable doubt that the van was stolen and that he had any physical contact whatsoever with the missing car seats and accessories, the State failed to present sufficient evidence to support a true finding of Level 6 felony theft.

### C. Sufficiency – Class A Misdemeanor Criminal Trespass

[18] N.M. argues that the evidence was insufficient to prove that he committed Class A misdemeanor criminal trespass. To prove that N.M. committed what

would be Class A misdemeanor criminal trespass if committed by an adult, the State was required to prove that he knowingly or intentionally interfered with the possession or use of the property of John Schott, without his consent.  I.C. § 35-43-2-2(b)(4).

[19] N.M. concedes that he interfered with the Schotts' possession or use of the van, but denies that he "had the requisite knowledge or intent to do so."  Appellant's Br. p. 15.  As stated above, the State's evidence that N.M. was found asleep in the rear of the Schott's "trashed" van twelve hours after it was stolen from Skateland is insufficient to prove that he knowingly or intentionally interfered with the possession or use of Mr. Schott's van.  *See* Tr. p. 19.  We cannot say that the State presented sufficient evidence to support a true finding of class A misdemeanor criminal trespass beyond a reasonable doubt.

## Conclusion

[20] The evidence was insufficient to support the trial court's entry of true findings against N.M. for offenses that would be Level 6 felony receiving stolen auto parts, Level 6 felony theft, and Class A misdemeanor criminal trespass if committed by an adult.[1]  We reverse and remand with instructions to vacate the true findings.

[21] Vaidik, C.J., and Pyle, J., concur.

---

[1] Because N.M.'s sufficiency claims are dispositive, we need not reach his remaining challenges to admission of evidence and his invocation of the prohibition against double jeopardy.