

FILED

Jan 21 2010, 1:55 pm

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
Matthew Jon McGovern
Evansville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court

_____

No. 82S04-0811-CR-592

KAIL FORTSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Vanderburgh Circuit Court, No. 82C01-0703-FD-303
The Honorable Carl A. Heldt, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 82A04-0801-CR-16

_____

**January 21, 2010**

**Rucker, Justice.**

Defendant was spotted driving a stolen pick-up truck within a few hours after the owner reported it missing. After being stopped by police officers, the defendant was belligerent and uncooperative insisting he did not steal the truck. Defendant was convicted of receiving stolen property and on appeal argued the evidence was not sufficient to sustain the conviction. A divided panel of the Court of Appeals agreed and reversed Defendant's conviction. Among other things the court reasoned that although the unexplained possession of recently stolen property standing alone may be sufficient to support a conviction for theft, it is not sufficient to support a conviction for receiving stolen property.

## Facts and Procedural History

Around 4:30 p.m. on March 13, 2007, Nathan Sosh parked his 1993 Chevy S-10 pick-up truck in the parking lot of a Big Lots store in Evansville, Indiana. Accidently leaving his keys in the ignition Sosh went inside. When he exited the store thirty to forty-five minutes later his truck was gone. Sosh called his wife from a nearby pay phone; she picked him up; and after the couple returned home Sosh called the police. Giving the police a description of the vehicle and the license plate number Sosh reported the truck missing. Around midnight he received a call that the truck had been recovered. In the meantime, at around 11:20 p.m. Officer Jeremy Matthews of the Evansville Police Department was on routine patrol when he saw a vehicle matching the description of Sosh's missing truck exit the parking lot of a motel located approximately two miles from Big Lots. Officer Matthews followed the truck for about four blocks until it pulled into the parking lot of another motel and came to a stop. At that point Officer Matthews pulled behind the truck and activated his emergency lights. By that time other units had arrived on the scene. Officer Matthews identified Fortson as the driver and noted there was also a passenger in the vehicle. The police ordered the pair out of the truck and placed Fortson in handcuffs. The passenger was released without questioning. When Fortson asked why he was being arrested, Officer Matthews told him that "he was in a stolen vehicle, and he was being arrested for Auto Theft. . . ." Tr. at 41. Officer Matthews testified that Fortson "was fairly irate once he was explained he was being arrested" complaining that "it was a racially motivated stop, and just becoming more and more irate with me." Id. According to Officer Matthews "once [Fortson] was in custody, he was very belligerent, wasn't very cooperative at all to the point that I didn't even continue any further questioning." Tr. at 42. Also, according to

Officer Matthews, Fortson "did *imply* that he did not steal the truck." (emphasis added). Id. Another officer on the scene, Officer Nicholas Henderson, was more explicit: "I do believe he yelled that he didn't steal it . . . it was loaned to him, it was given to him to use . . . I don't remember the exact words he used." Tr. at 56. However, the officers did not ask Fortson who loaned the truck to him.

The State charged Fortson with receiving stolen property, a Class D felony. And the case proceeded to trial by jury on November 2, 2007. Failing to appear, Fortson was tried in absentia.[1] Sosh testified that he did not know Fortson and did not give him permission to drive Sosh's truck. He also testified that although the truck was not damaged in any way, when he retrieved it there were a number of empty beer cans and an empty liquor bottle in the bed of the truck that did not belong to him.[2]

The jury returned a verdict of guilty as charged. At the December 6, 2007 sentencing hearing the trial court sentenced Fortson to a term of eighteen months in the Department of Correction. Fortson appealed challenging the sufficiency of the evidence and argued the State failed to show that he "knew that the pickup truck he was driving was stolen." Br. of Appellant at 5. A divided panel of the Court of Appeals agreed and reversed the judgment of the trial court in an unpublished memorandum decision. Fortson v. State, No. 82A04-0801-CR-16 (August 29, 2008). In doing so the court observed:

> [H]ad the State charged Fortson with theft we would be faced with an anomalous result where the mere unexplained possession of recently stolen property is sufficient to support an inference of theft of that property. The J.B. court [J.B. v. State, 748 N.E.2d 914 (Ind. Ct. App. 2001)] stated, and we agree, that until our Supreme Court instructs otherwise, the unexplained possession of recently stolen property may be sufficient to support a conviction for theft; however if the State charges receiving stolen property, the unexplained possession of recently stolen property must be accompanied with additional circumstances supporting an

---

[1] Fortson later asserted that he was mistaken about his trial date, believing it was scheduled for November 12 rather than November 2. Tr. at 90. After apparently learning that a warrant had been issued for his arrest for failing to appear at trial, Fortson contended, "I turned myself into the jail right away." Appellant's App. at 34.

[2] According to Officer Matthews, Fortson did not appear to be intoxicated and he was not driving the truck erratically. Tr. at 47-48.

> inference that the accused knew the property was stolen. We agree with J.B. that the disparate application of this inference may well lead to anomalous results and join with them in urging our Supreme Court to clarify this anomaly.

Fortson, slip op. at 6 n.3 (internal citations and quotations omitted). Having previously granted transfer we now address the anomaly the Court of Appeals has identified. In all other respects we summarily affirm its opinion.

## Discussion

The statute defining the crime of Receiving Stolen Property provides: "A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D felony . . . ." Ind. Code § 35-43-4-2(b). In addition to proving the explicit elements of the crime, the State must also prove beyond a reasonable doubt that the person knew that the property was stolen. Gibson v. State, 643 N.E.2d 885, 887 (Ind. 1994); Ind. Code § 35-41-2-2(d) ("Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct."). And knowledge that property is stolen may be inferred from the circumstances surrounding the possession. Stone v. State, 555 N.E.2d 475, 477 (Ind. 1990); Marshall v. State, 505 N.E.2d 853, 856 (Ind. Ct. App. 1987). However it has long been the accepted law in this state that the "surrounding circumstances" must include something more than the mere unexplained possession of recently stolen property. Instead the "mere possession" rule has been reserved for the charge of the theft. As this Court observed almost a century ago, "[t]he rule that the possession of stolen property, the proceeds of a larceny, soon after the commission of the offense, unless explained, is *prima facie* evidence of the guilt of the person in whose possession the property is found, does not apply to the offense of receiving stolen property." Bowers v. State, 196 Ind. 4, 146 N.E. 818, 820 (1925); see also Wertheimer v. State, 201 Ind. 572, 169 N.E. 40, 44 n.1 (1929) ("Where, as in the case at bar, there is no evidence to show that the theft was committed by some person other than the defendant charged with receiving the goods, such possession of goods recently stolen raises a presumption of theft, rather than of receiving stolen goods, and is not prima facie evidence that the possessor is guilty of receiving stolen goods.").

4

A number of jurisdictions adhere to some variant of the mere possession rule.[3] Not only does the rule have a rather ancient pedigree, but also as variously stated the rule's underlying rationale has been explained as follows:

> Proof of the possession of stolen property is, of course, competent and essential to substantiate the charge [of receiving stolen property]; but the naked possession without proof that the defendant received the goods knowing they had been stolen will not sustain the charge. The very essence of the offense is the receiving knowing them to have been stolen. If the presumption is to be indulged that every person found in [the] possession of stolen goods knows them to be stolen, the state would be relieved of establishing the guilty knowledge, and the burden thrown on the defendant of establishing his innocence.

State v. Richmond, 186 Mo. 71, 84 S.W. 880, 882-83 (1904); see also Adkins v. State, 532 N.E.2d 6, 8 (Ind. 1989) ("Circumstantial evidence may establish the defendant's knowledge that the property is stolen, the gravamen of the offense. But such knowledge cannot be inferred solely from the unexplained possession of recently stolen property." (citations omitted); Mattingly v. State, 421 N.E.2d 18, 19 (Ind. Ct. App. 1981) ("[I]t is equally clear that knowledge of the stolen character of property may not be inferred solely from the unexplained possession of recently stolen property. In fact, it has been specifically held that the rule which permits inference of guilt of theft from unexplained possession of recently stolen property does not apply

---

[3] See, e.g., People v. Anderson, 210 Cal. App. 3d 414, 426 (Cal. Ct. App. 1989) ("[W]hile possession of recently stolen property (standing alone) is not enough to support a conviction, possession of recently stolen property is so incriminating that a jury is entitled to infer guilty knowledge and find guilt if there is even *slight* corroborating evidence tending to show guilty knowledge.") (alterations in original) (citation omitted); State v. Anonymous, 463 A.2d 533, 538 (Conn. 1983) (In a receiving stolen property case the court held that "[m]ere possession of property which has been burglarized is not a sufficient basis for inferring the requisite knowledge of the stolen character of the property.") (citations omitted); Bronson v. State, 926 So. 2d 480, 483-84 (Fla. Dist. Ct. App. 2006) ("Mere possession of stolen property, *without other evidence of guilt*, is not to be regarded as prima facie evidence of larceny, robbery, [or] receiving stolen property. . . .") (citation omitted) (emphasis in original); State v. Trowbridge, 540 P.2d 278, 281 (Idaho 1975) ("Scienter is necessary for conviction of receiving stolen property [and] [t]he mere possession of recently stolen property cannot give rise to a legal presumption of 'guilty' knowledge or belief . . . .") (footnote omitted); State v. Lewis, 885 So. 2d 641, 647 (La. Ct. App. 2004) ("Mere possession of stolen property does not create a presumption that the person in possession of the property received it with the knowledge that it was stolen . . . .") (citation omitted); Commonwealth v. Parker, 847 A.2d 745, 751 (Pa. Super. Ct. 2004) ("[T]he mere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence . . . that demonstrates that the defendant knew or had reason to believe that the property was stolen.") (citation omitted); Taylor v. State, 17 P.3d 715, 720 (Wyo. 2001) (citing Russell v. State, 583 P.2d 690, 698 (Wyo. 1978)) ("[N]aked possession of stolen property alone is insufficient to prove knowledge . . . .").

in receiving stolen property cases.") (citations omitted); accord State v. Adams, 133 N.C. 667, 45 S.E. 553, 554 (1903) (In a receiving stolen property case the court reasoned that "[I]f one awoke in the morning, finding a stolen horse in his stable, and it being shown that some other person put it there, the law would raise no presumption that it was done with the knowledge of the owner of the stable.").

But what is the origin of the notion that for a charge of theft, mere possession is enough to infer that the person in possession is the thief? This too has antiquated roots apparently arising under the English common law. One of the earliest reported decisions setting forth the underlying rationale for this rule explained it as follows:

> As a general proposition where a person is in possession of property, it is reasonable, to suppose that he is able to give an account of how he came by it; and where the property in question has belonged to another, it is in general not unreasonable to call upon him to do so . . . . If, then, it be reasonable, under such circumstances, to call upon the party in possession to account for such possession, it cannot be unreasonable to presume against the lawfulness of that possession, when he is unwilling to give an account, or is unable to give a probable reason why he cannot. Now, there is no reason in general why an honest person should be unwilling; and, therefore, the law presumes that such a person is not honest, and that he is the thief.

Cockin's Case, (1836) 168 Eng. Rep. 1139 n.1. As one writer notes: "By the early decades of the nineteenth century, a body of law had developed in both England and America that limited the evidentiary uses of a defendant's unexplained possession of stolen goods. Although articulated in various ways, the basic legal rule held that the burden of proof could be transferred from the prosecutor to the defendant only if the prosecutor first showed that the defendant had 'exclusive and unexplained possession of stolen property recently after the theft.'" Bruce P. Smith, The Presumption of Guilt and the English Law of Theft, 1750-1850. 23 Law & Hist. Rev. 133, 146 (2005).

As might be expected, in the context of a theft prosecution, jurisdictions differ over the import of a defendant's unexplained possession of recently stolen property. For example in some jurisdictions it is said to represent "prima facie evidence of guilt." See e.g., United States v. Lefkowitz, 284 F.2d 310, 313 (2d Cir. 1960); Lane v. State, 702 S.W.2d 806, 807 (Ark. 1986);

6

<u>People v. Greco</u>, 790 N.E.2d 846, 854 (Ill. 2003); <u>Riley v. Commonwealth</u>, 91 S.W.3d 560, 563 (Ky. 2002). In other jurisdictions the "mere possession" rule – sometimes referred to as the "unexplained possession" rule – is characterized as raising a "presumption" that the person in possession is the thief. <u>See e.g.</u>, <u>Williamson v. State</u>, 281 S.E.2d 512, 514 (Ga. 1981); <u>State v. Ward</u>, 427 P.2d 586, 587 (Kan. 1967); <u>State v. Barnes</u>, 481 S.E.2d 44, 75-76 (N.C. 1997). And other states, as with this state's current view, adhere to the proposition that possession of recently stolen property may provide "an inference the possessor either was the thief or knew the property was stolen." <u>Short v. State</u>, 443 N.E.2d 298, 306 (Ind. 1982); <u>accord</u> <u>Miller v. State</u>, 563 N.E.2d 578, 581 (Ind. 1990); <u>J.B. v. State</u>, 748 N.E.2d 914, 916 (Ind. Ct. App. 2001); <u>see also</u> <u>Grant v. State</u>, 569 A.2d 1237, 1241 (Md. 1990); <u>Rollerson v. State</u>, 196 S.W.3d 818, 822 (Tex. Ct. App. 2006); <u>Smith v. Commonwealth</u>, 439 S.E.2d 409, 410 (Va. 1994); <u>Tageant v. State</u>, 673 P.2d 651, 654 (Wyo. 1983). Indeed in <u>Barnes v. United States</u>, 412 U.S. 837 (1973) the United States Supreme Court noted that "[f]or centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." <u>Id.</u> at 843.

But Indiana has not always followed this course. Prior to 1970, the law on unexplained possession was relatively settled. It can be said that the rule was: the exclusive, unexplained possession of recently stolen property is a circumstance from which the fact-finder may draw an inference of guilt. It was a fact to consider along with all the other facts and circumstances tending to show a defendant's guilt. <u>See, e.g.</u>, <u>Lawrence v. State</u>, 244 Ind. 305, 192 N.E.2d 629, 632 (1963) (in a larceny case, "[t]he rule is that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt.); <u>Gilley v. State</u>, 227 Ind. 701, 88 N.E.2d 759, 761 (1949); <u>McAdams v. State</u>, 226 Ind. 403, 81 N.E.2d 671, 674-75 (1948) (in a second degree burglary case, the Court noted that "[i]t is true that unexplained, exclusive possession of stolen property soon after it was stolen ordinarily constitutes a circumstance from which the trier of the facts may draw an inference of guilt[,] but it is merely a circumstance for the jury to consider along with all the other facts and circumstances of the case.") (citations omitted).

At the time, the foregoing articulation of the rule placed Indiana in the mainstream of most jurisdictions. <u>See</u> <u>generally</u> 50 Am. Jur. 2d <u>Larceny</u> § 160 (1970) (citing cases) ("The true rule is, without doubt, that the possession of the property by the defendant soon after the

7

commission of the alleged crime is merely an evidentiary fact tending to establish guilt which should be submitted to the jury, to be considered in connection with all the other facts and circumstances disclosed by the evidence."). Moreover, "[p]ossession of property alone, unsupported by other facts indicative of guilt, is not prima facie evidence that the person in possession thereof committed a larceny." Id.

However this Court's jurisprudence took a noticeable turn beginning in 1970 when the Court decided Bolton v. State, 254 Ind. 648, 261 N.E.2d 841 (1970). Bolton involved two defendants who were convicted of theft after a bench trial. Specifically the defendants were accused of stealing a tractor with a snow plow from a residential garage. On appeal, both defendants challenged the sufficiency of the evidence supporting their convictions contending that the "mere possession of stolen goods will not give grounds in itself for conviction for theft, but must be coupled with other evidence showing that [they] did in fact commit the theft." Id. at 842. The Court affirmed the convictions holding as follows:

> [T]he State had made its prima facie case before the trial court when it presented evidence of exclusive possession in the appellants shortly after the theft of the tractor. The weight of this evidence was to be determined by the trier of fact and not by this Court. At the point in the trial when the state had made its prima facie case, if the appellants had evidence which would have explained their possession, it was their privilege to present the same. In the absence of such explanation, the trier of fact was entitled to believe the evidence presented by the State in making its prima facie case.

Id. at 843.

Since Bolton our courts have adhered to some variation of the rule that the unexplained possession of recently stolen property standing alone is sufficient to sustain a verdict of guilty of theft. At the end of the day, regardless of its characterization, the underlying thrust of the "mere possession" rule is apparently anchored in its English common law roots, namely: "there is no reason in general why an honest person should be unwilling [to account for the stolen goods in his possession]; and, therefore, the law presumes that such person is not honest, and that he is the thief." Cockin's Case, supra.

8

But the rule has not been endorsed in all jurisdictions. As one court observed, "evidence of possession of stolen property, standing alone, may be as consistent with innocence as with guilt." State v. Kelley, 119 P.3d 67, 71 (Mont. 2005). See also Bankston v. State, 309 S.E.2d 369, 370 (Ga. 1983) ("[R]ecent possession of stolen goods will not automatically support a guilty verdict for theft or burglary . . . . [I]nstead, recent possession is to be viewed as probative evidence of the crime . . . and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt."); State v. Smith, 726 P.2d 1232, 1235 n.1 (Utah 1986) ("The mere fact that a person was in conscious possession of recently stolen property is not sufficient to justify a conviction of theft. There must be proof of other circumstances tending of themselves to establish guilt."); Cf J. Wigmore, 9 Wigmore on Evidence § 2513 (3d ed. 1981) (noting, "One of the most troublesome and fruitless controversies has been whether under certain circumstances the accused's *possession of stolen goods* raises a presumption that he was the thief . . . . [T]he general trend is to repudiate any rule of presumption in the strict sense.") (emphasis in original).

We are of the opinion that the foregoing authorities express the better view. Thus we return to this jurisdiction's original moorings and as such abandon the so-called mere possession rule.[4] That is to say, the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft. Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say,

---

[4] One writer has observed:

> [T]he rule on the possession of recently stolen property ought to be that there is no rule, *per se*. In this sense, there would be no rule of law on the subject. The exclusive, unexplained possession of recently stolen property would merely be another evidentiary fact, along with all the other facts and circumstances in the case, that tend to show the guilt of the defendant. As thus formulated, it would in no way prevent the trial court, the jury, or the appellate courts from making a reasonable inference of guilt when they are called upon to make their respective decisions. It would simply treat the fact of possession of recently stolen property in the same manner as any other fact from which reasonable inferences may be drawn.

Notes, The Presumption Arising from the Possession of Stolen Property: The Rule in Indiana, 6 Ind. L. Rev. 73, 90-91 (1972).

possessing right next door as opposed to many miles away).  In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.[5]  This formulation is also consonant with the rule concerning a charge of receiving stolen property, namely: "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may not be inferred solely from the unexplained possession of recently stolen property."  Barnett v. State, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005) (citation omitted).

In reversing the trial court on sufficiency of evidence grounds the Court of Appeals concluded that in this case the circumstances did not support a reasonable inference that Fortson knew the property was stolen.  The court noted that there was no evidence that Fortson attempted to conceal the truck from the officers, physically resist the officers, flee, or that he provided evasive answers.  The court concluded, "Although Fortson was found to be in possession of

---

[5] As slightly modified we agree with the following instruction endorsed by the Montana Supreme Court and encourage its use where appropriate:

> You are permitted but not required to infer from the defendant's possession of the property of another that the defendant is guilty of theft *only if* in your judgment such an inference is warranted by the evidence as a whole.  It is your exclusive province to determine whether the facts and circumstances shown by the evidence warrant the inference to be drawn by you.

> The possession of the property by the defendant does not shift the burden of proof which is always on the State to prove beyond a reasonable doubt every essential element of the offense with which defendant is charged.

> The defendant's possession of property belonging to another may be satisfactorily explained in the evidence independently of any testimony of the defendant personally.  If [the] defendant does take the witness stand to explain his [or her] possession of the property, the weight to be attached to his [or her] explanation is exclusively for you to determine.  Even if defendant's possession of the property is unexplained, you cannot find [the defendant] guilty, if after consideration of all the evidence in the case, you have a reasonable doubt as to his [or her] guilt.

> If under the evidence, defendant's possession of the property of another is consistent with his [or her] innocence, then the jury should acquit the defendant unless [the state proves his or her guilt] beyond a reasonable doubt by other evidence in the case.

State v. Kramp, 651 P.2d 614, 622 (Mont. 1982) (emphasis supplied).

recently stolen property, the State failed to provide any other facts to support an inference of knowledge . . . . [B]ecause the State could only prove that he was in possession of recently stolen property, that fact alone cannot support the inference that Fortson knew the truck was stolen." Fortson, slip op. at 6. We agree. And with our holding today, the same conclusion would obtain had Fortson been charged with theft as opposed to receiving stolen property.

## Conclusion

We reverse the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan, and Boehm, JJ., concur.