**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 21 2012, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| JODY BREWSTER, | ) | |
|  | ) | |
| Appellant-Defendant, | ) | |
|  | ) | |
| vs. | ) | No. 49A05-1109-CR-450 |
|  | ) | |
| STATE OF INDIANA, | ) | |
|  | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1008-FD-59633

**March 21, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Jody Brewster appeals from his conviction for Class D felony Theft,[1] contending that the State failed to produce sufficient evidence to sustain his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 10:30 to 11:00 a.m. on July 31, 2010, Lisa Alvey was awakened by a noisy pickup truck parked in the driveway of her neighbor Andrew Deckard's house. Deckard's house had burned two weeks previously and the ruins were protected by a small bright orange plastic fence, a six-foot chain-link fence with a gate outside of that, and "keep out" signs conspicuously posted. The chain-link fence had been opened and the orange fence torn to provide a pathway for the truck. Deckard soon arrived from his nearby rental property, having been told by another neighbor about the truck. Deckard observed Brewster and Michael Clauss loading scrap metal from the ruins of his house and garage into the back of the truck. Deckard had not given either Brewster or Clauss permission to take anything from his house. When Deckard confronted the pair and accused them of stealing, Brewster said nothing.

On August 3, 2010, the State charged Brewster with Class D felony theft. On July 21, 2011, a jury found Brewster guilty as charged. On August 9, 2011, the trial court sentenced Brewster to 545 days of incarceration with 541 days suspended to probation.

## DISCUSSION AND DECISION

### Whether the State Produced Sufficient Evidence to Sustain Brewster's Theft Conviction

---

[1] Ind. Code § 35-43-4-2(a) (2010).

Our standard of review for challenges to the sufficiency of the evidence supporting a criminal conviction is well-settled:

> In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found Defendant guilty beyond a reasonable doubt.

*Vitek v. State*, 750 N.E.2d 346, 352 (Ind. 2001) (citations omitted).

In order to convict Brewster of Class D felony theft, the State was required to prove that he "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" Ind. Code § 35-43-4-2(a). The Indiana Supreme Court has recently held that

> the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft. Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away). In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010).

Brewster does not deny that he was in possession of recently stolen goods, but contends that the State produced insufficient evidence to establish his intent. In short, Brewster contends that he was Clauss's "patsy."[2] Appellant's Br. p. 5. We conclude, however, that there is sufficient evidence to support an inference that Brewster had the

---

[2] "Patsy" may be defined as "a person on whom blame is foisted" or "FALL GUY[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1657 (Phillip Babcock Gove et al. eds., G.&C. Merriam Company 1964).

3

requisite intent for theft. Deckard's property was protected by two fences and conspicuous signage, and one of the fences had to be damaged to gain access. The jury was free to infer from such protective measures that Brewster was on notice that he and Clauss were not allowed on the premises. The evidence of Brewster's possession of recently stolen goods, along with the circumstances surrounding that possession, is sufficient to sustain his theft conviction.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.