Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 30 2013, 5:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: MATTER OF L.R., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1301-JV-25 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause Nos. 49D09-1209-JD-2538, 49D09-1105-JD-1351

**August 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

L.R. appeals his adjudication as a delinquent child for an act that, if committed by an adult, would constitute Class D felony theft. We affirm.

## Issue

L.R. raises one issue, which we restate as whether the evidence is sufficient to sustain his adjudication.

## Facts

On September 18, 2012, Kevin May saw thirteen-year-old L.R. riding a mini-bike owned by May's son. The mini-bike had been stored in May's shed, and he had seen the mini-bike two or three days before. A day or two earlier, May had noticed that his fence's gate was ajar. May followed L.R. and called 911. L.R. drove through a fenced-in yard, and May lost sight of him. A police officer found L.R. riding the mini-bike in a nearby school parking lot. L.R. was nervous, and the police officer thought L.R. was behaving as if he was about to run. L.R. first claimed that he purchased the mini-bike for $50. He later claimed to have purchased the mini-bike for $5. May was transported to the school, where he identified the mini-bike as belonging to his son.

The State alleged that L.R. committed an act that would be Class D felony theft if committed by an adult. After a hearing, the juvenile court entered a true finding. L.R. now appeals.

## Analysis

L.R. argues that the evidence is insufficient to sustain his adjudication as a delinquent child for an act that, if committed by an adult, would constitute Class D felony

theft. When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind. Ct. App. 2006), trans. denied. Upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment. Id. We will neither reweigh the evidence nor judge witness credibility. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the adjudication. Id.

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Ind. Code § 35-43-4-2. Relying on Fortson v. State, 919 N.E.2d 1136 (Ind. 2010), L.R. argues that the evidence is insufficient to show that he intended to steal the mini-bike. In Fortson, our supreme court held:

> [T]he mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft. Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away). In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt. This formulation is also consonant with the rule concerning a charge of receiving stolen property, namely: "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the

3

> property may not be inferred solely from the unexplained possession of recently stolen property." Barnett v. State, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005) (citation omitted).

Fortson, 919 N.E.2d at 1143 (footnote omitted). According to L.R., there was no evidence that he had been present in May's back yard or had taken the mini-bike from the shed, and his conflicting statements regarding paying for the mini-bike are insufficient to show his intent.

The State presented evidence that the mini-bike had been stolen from May's back yard shed within the last day or two, L.R. was seen riding the mini-bike near May's residence, L.R. evaded May when May followed him, L.R. was nervous when approached by the police, the officer thought L.R. was behaving as if he was going to run, and L.R. claimed to have purchased the mini-bike but gave conflicting accounts of the purchase price. The State presented much more evidence than just L.R.'s unexplained possession of the mini-bike. The trial court could have inferred from the evidence that L.R. intended to exert unauthorized control over the mini-bike with intent to deprive May of any part of its value or use. The evidence is sufficient to sustain the adjudication.

## Conclusion

The evidence is sufficient to sustain L.R.'s adjudication as a delinquent child for an act that, if committed by an adult, would constitute Class D felony theft. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.

4