**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD KOZECAR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A04-1306-CR-263 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1204-FD-83

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Richard Kozecar challenges the sufficiency of evidence to support his conviction for class D felony receiving stolen property. Finding the evidence to be sufficient, we affirm.

## Facts and Procedural History

On December 17, 2011, Dennis Olp noticed that the door to his detached garage was slightly ajar. When he and his wife searched the garage, they found several items missing, including a bow, a box of knives, a pair of binoculars, and a Thompson/Center muzzleloader. His muzzleloader was identifiable by a knife mark on the ramrod and by its upgraded, gold-ringed Leupold scope from a 300 magnum rifle. On December 18, 2011, Olp reported the stolen items to the police. He later testified that the gun was worth approximately $250, plus an additional $700 to $800 for the upgraded scope.

Less than a week later, Kozecar was hunting and encountered Vance Waldrop, a friend of Kozecar's family. Kozecar told Waldrop that he had a muzzleloader that he wanted to "get rid of," and Waldrop offered to buy it in exchange for a handgun (worth about $125 to $150) and $50 cash. Tr. at 48. Within a day or two, the two men exchanged the firearms, and Waldrop promised Kozecar that he would pay him the $50 a week later, after payday. Waldrop cleaned the muzzleloader and researched its value, finding it to be worth approximately $250 for the gun, plus $450 for the upgraded scope.

A few weeks later, Waldrop noticed that his dirt bike and four-wheeler were missing and contacted police. During the investigation, Waldrop told Detective Robert Olejniczak that he believed that a muzzleloader he had purchased from Kozecar might have been stolen.

The detective confirmed that Waldrop's muzzleloader matched the unique description of a muzzleloader that had been reported as stolen. Olp subsequently identified the muzzleloader as the one stolen from his garage.

In April 2012, the State charged Kozecar with class D felony receiving stolen property. At trial, Kozecar maintained that he had never owned a muzzleloader and that he never sold one to Waldrop. A jury convicted Kozecar as charged, and he now appeals.

## Discussion and Decision

Kozecar contends that the evidence is insufficient to support his conviction. When reviewing an insufficiency of evidence claim, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the probative evidence and reasonable inferences most favorable to the verdict. *Id.* We will affirm the conviction unless no reasonable factfinder could find that the elements of the offense were proven beyond a reasonable doubt. *Id.* The evidence need not overcome every reasonable hypothesis of innocence. *Id.* at 147.

Kozecar was convicted of receiving stolen property. "A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D felony[.]" Ind. Code § 35-43-4-2(b). In addition to the elements listed in the statute, the State must also prove beyond a reasonable doubt that the accused knew that the property was stolen. *Fortson v. State*, 919 N.E.2d 1136, 1139 (Ind. 2010). "Knowledge that the property is stolen may be established by circumstantial evidence; however, knowledge of the stolen character of the property may

3

not be inferred solely from the unexplained possession of recently stolen property." *Id*. at 1143. "Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen." *Purifoy v. State*, 821 N.E.2d 409, 414 (Ind. Ct. App. 2005), *trans. denied*.

Here, Olp had customized his muzzleloader with a very expensive and readily identifiable scope. The total value was around $1000. A week after Olp reported the weapon stolen, Kozecar encountered Waldrop in the woods, and Kozecar told Waldrop that he had a muzzleloader that he needed to "get rid of." Tr. at 48. Kozecar was willing to trade the $1000 muzzleloader for a $150 handgun, plus $50 cash. The two men exchanged the two firearms, even though Waldrop had told him that he could not give him the $50 cash until his next payday. *Id*. In short, Kozecar's willingness to exchange the muzzleloader for substantially less than market value plus his willingness to proceed with the exchange before receiving full payment are circumstances from which the jury could reasonably infer that Kozecar *knowingly* possessed stolen property.

Finally, to the extent that Kozecar maintains that he had never owned a muzzleloader, that he never engaged in a sale or trade with Waldrop, and that Waldrop had falsely accused him in the past, he simply invites us to reweigh evidence and judge witness credibility, which we may not do. The surrounding circumstances support the jury's conclusion that Kozecar knew that the muzzleloader was stolen property. Accordingly, we affirm his conviction.

4

Affirmed.

BAKER, J., and NAJAM, J., concur.