## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2019, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deandrew R. Halliburton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 6, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1235 <br><br> Appeal from the Whitley Circuit Court <br><br> The Honorable Matthew J. Rentschler, Judge <br><br> Trial Court Cause No. <br> 92C01-1812-F5-172 |

**Tavitas, Judge.**

## Case Summary

[1] Deandrew Halliburton appeals his conviction for theft, a Level 6 felony. We affirm.

## Issue

[2] Halliburton raises one issue, which we restate as whether the evidence is sufficient to support Halliburton's theft conviction.

## Facts

[3] On December 12, 2018, Halliburton contacted his acquaintance, Benjamin Greer, who lives in Whitley County, and asked Greer to give Halliburton and Halliburton's girlfriend, Sharon, a ride. Late that night, Greer drove his vehicle, a 2008 Cadillac DTS, to Logansport, about an hour away from his home, to pick up Halliburton and Sharon.

[4] Greer drove Halliburton and Sharon back to his home, which Greer shared with his parents and brother. Greer told Halliburton and Sharon they could stay with Greer for one night. When they arrived at the home, Greer placed the keys to his Cadillac in a dish near the back door. That night, and much of the following day, Halliburton and Sharon stayed in Greer's bedroom, which contained Greer's personal belongings, including electronic equipment, jewelry, and expensive clothing items.

[5] The next day, on December 13, Greer, who works from approximately 3:00 p.m. to 11:00 p.m., left for work around 2:40 p.m. At approximately 7:00 p.m.,

Greer's mother, Stephanie Greer, returned to the family home and was home alone with Halliburton and Sharon. Greer's Cadillac was parked outside the home. Stephanie had not met Halliburton or Sharon; accordingly, Stephanie went upstairs to Greer's bedroom to introduce herself. Stephanie then returned downstairs to complete tasks around the home.

[6]     Later, Halliburton went outside to smoke a cigarette. When Halliburton went outside, he passed the dish where Greer stored his keys. When Halliburton came back inside, he asked Stephanie for garbage bags to store his personal belongings that were in the trunk of Greer's Cadillac. After Stephanie gave Halliburton the garbage bags, Stephanie returned to complete her tasks inside the home. Stephanie did not see Sharon during this period of time. Later, Stephanie realized the Cadillac was missing and notified Greer.

[7]     Greer attempted to call Halliburton; however, Halliburton did not answer and blocked Greer on Halliburton's social media accounts. Stephanie then called the police. When Greer returned home, he noticed that several items were missing from both his bedroom and his brother's bedroom, including a silver cross diamond necklace. Greer did not give Halliburton or Sharon permission to take Greer's vehicle or property.

[8] On December 15, 2018, at approximately 1:00 a.m.,[1] Trooper Marion Hester, with the Michigan State Police, conducted a traffic stop of a Cadillac, after Trooper Hester observed the driver driving erratically.[2] The driver identified herself as Jenna Vanhorn, and the passengers included Halliburton, who was sitting in the front passenger seat, and another woman—who was not identified at trial—in the rear passenger seat. Trooper Hester and her partner, Trooper Ryan Krebiehl, determined that the Cadillac was reported stolen. When asked, Vanhorn did not know who owned the vehicle.

[9] Trooper Hester obtained a search warrant for the Cadillac and found several items belonging to Greer in the trunk. Trooper Hester also observed that Halliburton was wearing a silver cross diamond necklace, which belonged to Greer.

[10] The State charged Halliburton with Count I, auto theft, a Level 5 felony; and Count II, theft, a Level 6 felony, on December 31, 2018. On March 14, 2019, the State filed a notice of intent to seek habitual offender status due to Halliburton's previous convictions for possession of a handgun by a felon, a Class C felony, in Elkhart County in 2011; and possession of a deadly weapon by an incarcerated person, a Class C felony, in LaPorte County in 2013. On

---

[1] Trooper Hester's testimony is somewhat unclear as to whether the Cadillac was pulled over during the early morning hours on December 15, 2018, or late on December 14, 2018. The police report, however, is dated December 15, 2018 around 1:00 a.m.; therefore, we will use this date.

[2] Trooper Hester conducted the stop in Wexford County, Michigan, which is approximately four hours away from Whitley County, Indiana.

April 2, 2019, the State filed an amended notice of intent to seek habitual offender status and added Halliburton's conviction for auto theft, a Class D felony, in Elkhart County in 2011. On April 5, 2019, the State moved to dismiss Count I, which the trial court granted on April 8, 2019. Halliburton's jury trial began April 10, 2019; Halliburton appeared pro se.

[11] After witnesses testified to the foregoing facts, a jury found Halliburton guilty of theft, a Level 6 felony. Subsequently, the jury found that Halliburton was a habitual offender. After Halliburton's jury trial was completed, on April 26, 2018, Halliburton filed a motion for directed verdict, which the trial court denied. Halliburton now appeals.

## Analysis

[12] Halliburton argues the evidence is insufficient to support his conviction for theft. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*). Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will

affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[13] To prove that Halliburton committed theft, as defined in Indiana Code Section 35-43-4-1, the State must prove beyond a reasonable doubt that the defendant "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." The offense is a Level 6 felony if the value of the property "is at least seven hundred fifty dollars ($750) and less than fifty thousand dollars ($50,000)." Ind. Code § 35-43-4-2(a)(1). Halliburton argues, specifically, that the State did not prove that Halliburton "exerted unauthorized control of the property in Indiana," and that whether Halliburton "is guilty of possessing stolen property in Wexford County, Michigan is a question for another court." Appellant's Br. pp. 11, 14.

[14] Halliburton relies on *Fortson v. State,* 919 N.E.2d 1136, 1143 (Ind. 2010), to support his position that "the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft." As the State correctly points out, *Fortson* also holds:

> Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away). In essence, the fact of possession and all the surrounding evidence about the possession

must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Id.*

[15]   Here, the surrounding circumstances, in addition to the unexplained possession, support Halliburton's theft conviction: (1) Halliburton was a guest in Greer's home when the Cadillac and property were stolen; (2) Halliburton had access to the vehicle's keys and the property; (3) the vehicle was outside the home when Greer left for work and when Stephanie returned to the house; (4) Stephanie later noticed the vehicle was missing; (5) Halliburton and Sharon left abruptly; (6) Halliburton was unresponsive to Greer's phone calls and blocked communication from Greer on social media; (7) several items were missing from Greer's bedroom and Greer's brother's bedroom; and (8) Halliburton was found riding in the vehicle with the stolen items the next day in Michigan. Moreover, Greer testified that he never gave Halliburton permission to take or use his personal property or vehicle. Based on the surrounding circumstances, the evidence was sufficient to convict Halliburton of theft. *See Bennett v. State,* 871 N.E.2d 316, 323 (Ind. Ct. App. 2007), *opinion adopted by Bennett v. State,* 878 N.E.2d 836 (Ind. 2008) (finding "[a] theft conviction may be sustained by circumstantial evidence").

[16]   Finally, we address Halliburton's contention that insufficient evidence existed that he committed theft in Indiana because he was found in the vehicle with the property in Michigan, instead of Indiana. Although Halliburton was discovered in Michigan, Halliburton was a guest at Greer's home in Indiana,

where Greer's Cadillac and other possessions were taken. Halliburton and the Cadillac, with Greer's personal items, went missing from the home at the same time. The circumstantial evidence supported the jury's conclusion that Halliburton committed the theft in Indiana. To ask us to conclude otherwise would require us to reweigh the evidence, which we cannot do. *See Gibson,* 51 N.E.3d at 210.

## Conclusion

[17]    The evidence was sufficient to convict Halliburton of theft. We affirm.

[18]    Affirmed.

Brown, J., and Altice, J., concur.