## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Christopher Taylor-Price
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.K.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | January 31, 2020<br><br>Court of Appeals Case No.<br>19A-JV-1739<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Ryan K. Gardner,<br>Judge Pro Tempore<br><br>Trial Court Cause No.<br>49D15-1902-JD-145 |

**Mathias, Judge.**

[1] J.K. appeals from the juvenile court's dispositional order adjudicating him to be a delinquent child for committing conversion, a Class A misdemeanor if

committed by an adult. The sole issue for review is whether sufficient evidence supports the juvenile court's true finding for conversion.

[2] We affirm.

## Facts and Procedural History

[3] On December 3, 2018, J.F.V., a minor, was attending school at The Excel Center in Indianapolis. He had driven his brother's car to school. J.F.V. briefly left his classroom for the restroom and returned to discover that his brother's car keys were missing from his backpack. The vehicle, a black Honda Accord, was missing from the lot outside the school where it had been parked. J.F.V. reported it stolen that night.

[4] Around 7:00 p.m. on December 16, 2018, Indianapolis Metropolitan Police Department ("IMPD") Officer David Waterman ("Officer Waterman") responded to a report of a shooting near the 5600 block of Georgetown Road. He encountered a disabled black Honda Accord in the roadway and found J.K. suffering from two gunshot wounds to the thigh and foot in a nearby Family Dollar store. Emergency personnel transported J.K. from the scene to the hospital.

[5] IMPD Detective Keith Cutcliff ("Detective Cutcliff") responded to the hospital that evening to investigate the incident. He interviewed J.K., who explained that he had been walking south on Georgetown Road when he heard shots from approximately fifteen to twenty feet away. J.K. said he had not seen who fired the shots and that he ran southbound to the Family Dollar, where he

sought help. J.K. said he lost his iPhone somewhere along the way and provided Detective Cutcliff with his phone number.

[6] Detective Cutcliff proceeded to the scene of the shooting. He observed a black Honda Accord, unoccupied and blocking traffic in the intersection of West 57th Street and Georgetown Road. The vehicle was riddled with several bullet holes, the driver's side window was shattered, and a small amount of blood was visible on the driver's seat. Officer Waterman discovered and collected as evidence an iPhone on the driver's seat of the vehicle. Law enforcement procured a search warrant for the phone and determined it belonged to J.K. based on its user data and because its number matched the one J.K. had provided to Detective Cutcliff.

[7] On February 8, 2019, the State filed a delinquency petition alleging that J.K. committed the delinquent act of auto theft, which if committed by an adult would be a Level 6 felony. The juvenile court held fact-finding hearings on March 25 and April 15. At the first hearing, the State called minor J.F.V., who identified the vehicle in photos of the crime scene as his brother's vehicle that he had reported stolen on December 3, 2019. J.F.V. testified that J.K. was not in the classroom when the keys went missing, does not attend The Excel Center, and was not known to J.F.V. at the time of these events. J.F.V. did not positively identify J.K. in the courtroom during his testimony.

[8] At the second fact-finding hearing, Officer Waterman and Detective Cutcliff testified. Detective Cutcliff explained that the search warrant for the iPhone

recovered from the vehicle revealed two email addresses associated with J.K.'s name. At the end of witness testimony, J.K. moved to dismiss the petition pursuant to Indiana Trial Rule 41(B), contending that the State did not meet its burden of proof in its case against J.K. The juvenile court denied the motion and issued a true finding that J.K. committed the delinquent act of auto theft, a Level 6 felony if committed by an adult.

[9] On May 5, 2019, J.K. filed a motion to reconsider, which the trial court granted on June 3, rescinding its prior ruling and issuing a true finding that J.K. committed conversion, a Class A misdemeanor if committed by an adult.[1] A disposition hearing was held on July 1, 2019, at which time the juvenile court ordered J.K. discharged to his mother's custody and the case closed. J.K. filed his notice of appeal on July 29.

## Discussion and Decision

[10] When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. Ind. Code § 31-37-14-1. When we review a claim of insufficient evidence in a juvenile case, we apply the same firmly established standard of review as if it were an appeal

---

[1] Conversion as a Class A misdemeanor may be established by proof of less than all the material elements of auto theft as a Level 6 felony and thus is an inherently lesser included offense of auto theft. *See Wright v. State,* 658 N.E.2d 563 (Ind. 1995); Ind. Code § 35-43-4-2(a)(1).

from a criminal conviction. *A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001).

> We neither reweigh the evidence nor judge the credibility of witnesses. . . . We examine only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. We will affirm if there exists substantive evidence of probative value to establish every material element of the offense.

*K.D. v. State*, 754 N.E.2d 36, 38 (Ind. Ct. App. 2001) (citations omitted).

[11] Furthermore, circumstantial evidence is no different than other evidence for the purpose of determining whether guilt beyond a reasonable doubt can be proved or inferred. *K.F. v. State*, 961 N.E.2d 501, 506 (Ind. Ct. App. 2012), *trans. denied*. And, the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999).

[12] J.K. argues that the State failed to present sufficient evidence to prove beyond a reasonable doubt that he committed the act of conversion. Appellant's Br. at 7. Conversion is defined as: "A person who knowingly or intentionally exerts unauthorized control over property of another commits criminal conversion, a class A misdemeanor." I.C. § 35-43-4-3(a). Specifically, J.K. claims that the circumstantial evidence presented was insufficient to prove that: (1) J.K. exercised control over the Honda Accord; (2) the control was unauthorized; and (3) J.K. knowingly or intentionally exercised such control. *Id.* We address each contention in turn.

[13] To "exert control over property" means to "obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." I.C. § 35-43-4-1(a). J.K. was not seen driving the Honda Accord, nor was he seen exiting the vehicle or fleeing from emergency responders. J.K. was, however, found in close proximity to the vehicle, which had been abandoned by its driver, apparently in haste, in the middle of an intersection. J.K. needed immediate treatment for two gunshot wounds, and the vehicle was "shot up" with visible bullet holes. Tr. p. 22. Furthermore, J.K. was found without his cell phone, and his phone was found inside the vehicle. And finally, although the blood in the vehicle was not tested for DNA and thus could not conclusively link J.K. to the vehicle, J.K. was actively bleeding from gunshot wounds at the time he was found. The reasonable inferences to be drawn from this circumstantial evidence allowed the juvenile court to determine that J.K. drove or otherwise possessed the Honda Accord. The evidence was sufficient to prove beyond a reasonable doubt that J.K. exerted control over the vehicle.

[14] J.K. argues that because J.F.V.'s uncorroborated testimony was that J.F.V.'s brother owned the Honda Accord, and not J.F.V himself, the evidence was insufficient to prove J.K. exerted unauthorized control over the vehicle. Appellant's Br. at 10. A person's control over the property of another person is "unauthorized" if it is exerted without the other person's consent. I.C. § 35-43-4-1(b)(1). J.F.V. testified that he reported the vehicle stolen to the police and that the vehicle is his brother's. He also testified that no other person had

permission to drive the vehicle or take its keys. Though uncorroborated, this testimony is sufficient to sustain on appeal the juvenile court's determination that when J.K. exerted control over the vehicle, he was unauthorized by its owner to do so.

[15] And finally, J.K. argues that he did not exert unauthorized control knowingly. Appellant's Br. at 15. "Knowingly" means the person was aware of the high probability he was doing the alleged act. I.C. § 35-41-2-2(a). J.K. rightly points out that mere possession of stolen property is insufficient to prove the defendant *knew* the property was stolen. *Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010) (emphasis added). Rather, possession is one fact to be considered along with "all the surrounding evidence about the possession." *Id.* Here, the vehicle was discovered in an intersection, having been abandoned or disabled as a result of being fired upon. J.K., injured with gunshot wounds, was found nearby. When Detective Cutcliff questioned J.K., J.K. did not mention the Honda Accord. Instead, J.K. described being on foot when he was shot and when he lost his cell phone. The court did not find J.K.'s testimony to be credible. For all the reasons described above, the evidence sufficiently indicated that J.K. was injured while he exerted control over the stolen vehicle; therefore, it was not unreasonable for the juvenile court to determine that his untruthful responses to Detective Cutcliff's questions proved J.K. acted knowingly.

# Conclusion

[16] The juvenile court was presented with evidence that sufficiently established J.K. committed the offense of conversion, a Class A misdemeanor if committed by an adult. Accordingly, we affirm the juvenile court's true finding.

[17] Affirmed.

Kirsch, J., and Bailey, J., concur.