## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2020, 10:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tirrell Orr,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 29, 2020

Court of Appeals Case No.
19A-CR-1985

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49G15-1807-F6-22202

**Baker, Judge.**

[1] Tirrell Orr appeals his conviction for Level 6 Felony Theft,[1] arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm.

[2] On July 4, 2018, Jequitta Robinson attended a party near the intersection of 37th and LaSalle Streets in Indianapolis. Her vehicle, a black 2004 Mercedes Benz SUV, was parked nearby. While at the party, Robinson had "quite a bit to drink" and fell asleep. Tr. Vol. II p. 49. When she awoke the next morning, her SUV was no longer parked where she had left it. She called 911 and reported the vehicle stolen. Robinson did not know Orr and had not given anyone permission to use the vehicle. She met police at the intersection and filed a report.

[3] On July 7, 2018, an Indianapolis Metropolitan Police detective had occasion to run the license plate of a vehicle being driven by Orr. When the officer learned from dispatch that the vehicle, which was Robinson's SUV, had been reported stolen, he conducted a traffic stop. Orr was driving the vehicle and his girlfriend was a passenger.

[4] The detective read Orr his rights; Orr agreed to waive his rights and answer the detective's questions. Orr admitted that the vehicle did not belong to him and claimed that it belonged to a friend. He said that he had acquired the vehicle from the area of 3700 North LaSalle—the same area near the party where Robinson had parked the vehicle. Orr could not remember the "friend's"

---

[1] Ind. Code § 35-43-4-2(a)(1)(B)(ii).

name, but he had the number stored in his phone. Orr offered to let the detective use his cell phone to call the owner; the detective did so and Robinson answered. She confirmed over the phone that she had reported the vehicle as stolen.

[5] On July 7, 2018, the State charged Orr with Level 6 felony theft.[2] Orr's jury trial took place on May 29, 2019. Robinson testified at trial and confirmed that she had not given anyone permission to take her vehicle. She stated that she did not know Orr and did not give him permission to use her vehicle.[3] At the close of the evidence, the jury convicted Orr of Level 6 felony theft. The trial court sentenced Orr to 545 days, with 365 days executed on home detention and 180 days suspended. Orr now appeals.

[6] Orr's sole argument on appeal is that the evidence is insufficient to support the conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

---

[2] The State charged Orr with other, unrelated offenses, but the jury acquitted him on the other charges.

[3] There is some discussion in the briefs about Robinson's testimony regarding statements made by her friend, Dottie. But those statements were admitted only for the purpose of impeachment, rather than for the truth of the matter asserted. Tr. Vol. II p. 56-57. Consequently, we decline to consider the substance of those statements as evidence.

[7]     To convict Orr of Level 6 felony theft, the State was required to prove beyond a reasonable doubt that he knowingly exerted unauthorized control over Robinson's vehicle with the intent to deprive her of any part of the vehicle's value or use.  I.C. § 35-43-4-2(a)(1)(B)(ii).  Orr argues that the evidence does not prove that he had exclusive possession of the vehicle from the time it went missing to the time of his arrest, that even if he had exclusive possession that is not enough to support a conviction, or that he knew the vehicle was stolen.

[8]     It is true that our Supreme Court has said that "the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft." *Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010).  But exclusive, unexplained possession is probative of guilt that should be considered along with the other evidence.  *Id.*

[9]     In this case, while the record does not contain direct evidence of the date on which Orr took Robinson's vehicle, he told the arresting detective that he had taken the vehicle from the area where Robinson had parked it on the street.  A reasonable juror could infer from this evidence that Orr took the vehicle from its parked location on the night it went missing and kept it for the next two days until he was stopped by the detective.  In other words, a reasonable inference may be drawn that Orr had exclusive, unexplained possession of the vehicle from the time it went missing to the time of his arrest.

[10]    While that evidence, in and of itself, would be insufficient, the record contains other evidence supporting the conviction.  Robinson testified repeatedly and

emphatically that she did not give anyone permission to take the vehicle; she stated specifically that she did not know Orr or give him permission. Orr, meanwhile, told the arresting detective that the vehicle belonged to a "friend," but could not even remember the name of the friend.

[11] We find that a reasonable juror could find, based on this evidence, that Orr knowingly exerted unauthorized control over Robinson's vehicle with the requisite intent. Orr directs our attention to other evidence in the record and attacks Robinson's credibility, but these arguments amount to a request that we reweigh evidence and re-assess witness credibility, which we may not do.

[12] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.